UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF NORTH CAROLINA
WINSTON-SALEM DIVISION

IN RE:                              )
                                    )
ACA Real Estate LLC,                )    Case No. 08-51055C11-WS
                                    )
        Debtor.                     )

OPINION AND ORDER

This case came before the court on December 14, 2009, for hearing on a Motion Pursuant to Provisions of Confirmed Plan Seeking Order Converting Case to Chapter 7 filed by GBM & Associates, Inc. ("Motion to Convert"). R. Bradford Leggett appeared on behalf of GBM & Associates, Inc. ("GBM") and William P. Janvier appeared on behalf of the Debtor, ACA Real Estate LLC ("Debtor"). Having considered the Motion to Convert, the Debtor's response in opposition to the Motion, the evidence offered by the parties and the arguments of counsel, the court finds and concludes as follows:

1. On March 17, 2009, the court entered an order in this case confirming a plan of reorganization proposed by the Debtor ("Plan").

2. GBM is the holder of an allowed secured claim which is dealt with in Article VII of the Plan. Under paragraph 7.2 of the Plan, the debt of GBM is to be amortized over a period of 10 years by payments which "shall be made monthly, beginning on the effective date." Pursuant to paragraph 4 of the confirmation order, the due date for monthly payments on allowed claims "shall

be the fifteenth (15th) day of the month."

3. Paragraph 16.3 of the Plan provides for the following remedy in the event of a default with respect to the payments required to be made to GBM:

> <u>Remedies Upon Default</u>.  Upon the occurrence of an Event of Default as to payment of Class 3, which is not excused, postponed, modified or waived, and after receiving notice from the holder of an Allowed Claim of a default and the default not having been cured within 30 days of the date of the Notice, any party-in-interest may request that the Debtor's Chapter 11 Bankruptcy be re-opened (if closed) and converted to a case under Chapter 7 and a trustee will be assigned to liquidate the Debtor's assets.  The Reorganized Debtor shall not oppose any request made pursuant to this paragraph if a default has not been cured within the 30 day period.

4. GBM asserts in the Motion to Convert that there was a default with respect to the October payment to GBM because it was not paid by the 15th day of the month and that a notice of default was filed and served on October 29, 2009. According to GBM, there had been three previous defaults that were cured within 30 days, but that the Fourth Notice of Default was not cured within 30 days and that conversion to Chapter 7 therefore should occur pursuant to paragraph of 16.3 of the Plan. While acknowledging that a default occurred with respect to the October payment, the Debtor maintains that such default was cured within the time allowed under the Plan and that the Motion to Convert therefore should be denied.

5. The first step in computing the thirty-day period allowed under paragraph 16.3 for the curing of defaults is to determine the date on which the thirty-day period begins.  The answer to this

inquiry is found in the unambiguous language of paragraph 16.3, under which the cure must be made "within 30 days of the date of the Notice. . . ." Under this language the thirty-day period is computed from the date of the notice of default and not from the date of receipt of the notice, as argued by the Debtor. It is undisputed that the date of the Fourth Notice of Default is October 29, 2009. Thus, the thirty-day period for curing the default regarding the October payment must be computed from October 29.

6. In computing the thirty-day period, the day of the event or circumstance that triggers the period (i.e., October 29) is not counted[1], which means that the count must begin with October 30, with the result that the thirtieth day fell on November 28. However, because November 28 was a Saturday, the thirty-day period continued to run until the end of the next day that was not a Saturday, Sunday, or legal holiday, which was Monday, November 30, 2009.[2] Thus, the thirty-day cure period described in paragraph 16.3 expired at the end of the day on November 30, 2009. Even so,

---

[1] Rule 9006(a) of the Bankruptcy Rules of Procedure specifies rules that apply in computing "any" time period specified in the Federal or Bankruptcy Rules, any local rule or court order or in any statute that does not specify a method of computing time. When a period is stated in days or a longer unit, Rule 9006(a)(1)(A) requires that the count "exclude the day of the event that triggers the period . . . ."

[2] Bankruptcy Rule 9006(a)(1)(C) provides that "if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday."

the Debtor argues that the time within which the default could be cured did not end on November 30, 2009. Instead, the Debtor argues that three additional days must be added pursuant to Bankruptcy Rule 9006(f), and that the last day for curing the default therefore was December 3, 2009.

7. The Debtor's reliance upon Rule 9006(f) is misplaced. Under Rule 9006(f), "[w]hen there is a right or requirement to act or undertake some proceedings within a prescribed period <u>after service</u> and that service is by mail or under Rule 5(b)(2)(D), (E), or (F) F.R.Civ.P., three days are added after the prescribed period would otherwise expire under Rule 9006(a)." (Emphasis supplied). The courts that have addressed the applicability of Rule 9006(f) have concluded that Rule 9006(f) is applicable only when the applicable period runs from the service of a notice, pleading, or other document. See <u>In re B.J McAdams, Inc.</u>, 999 F.2d 1221, 1225 (8th Cir. 1993) ("Rule 9006(f), by its very language, applies only in instances when the prescribed period runs from service of a notice"); <u>In re Robintech, Inc.</u>, 863 F.2d 393 (5th Cir. 1989) (same); <u>In re Mosley</u>, 2008 WL 486587, at *2 n. 1 (W.D.N.C. 2008) (same); <u>Bryant v. Smith</u>, 165 B.R. 176, 180 (W.D. Va. 1994) (same); <u>In re Golodetz Corp.</u>, 198 B.R. 441, 443 n. 3 (Bankr. S.D.N.Y. 1996) ("where the time period for taking some sort of action begins to run from an event other than service, Bankruptcy Rule 9006(f) does not extend the time within which to act"). Paragraph 16.3 permits

a cure that is accomplished within a thirty-day period that runs from the date of the notice rather than from the service of the notice. Rule 9006(f) therefore is not applicable. Since Rule 9006(f) is not applicable, the last day on which the Debtor could cure the October default was Monday, November 30, 2009, which, as stated above, is the date arrived at in accordance with paragraph 16.3 of the Plan and Rule 9006(a), which is applicable in this case.

7. According to the Debtor's evidence, the Fourth Notice of Default was received on November 2, 2009. Debtor's further evidence was that the Debtor first tendered payment of the October rent on December 1, 2009, and that GBM did not accept the tender of payment. Thus, according to the Debtor's own evidence, the October default was not cured within the thirty-day period allowed under the Plan.[3] It follows that GBM is entitled to relief pursuant to paragraph 16.3 of the plan. The relief granted, however, will take into account the fact that the Debtor has obtained authorization to sell its property and pay GBM, as well as its other creditors, in full from the proceeds of sale. The order authorizing the sale of Debtor's property allows the Debtor until January 25, 2010, within which to consummate a sale of the property and pay creditors. Therefore, a conversion to Chapter 7 pursuant to paragraph 16.3

---

[3] GBM disputes that there was a tender by the Debtor on December 1, and offered evidence which established that, in fact, the Debtor's tender of payment did not occur until December 2.

shall not occur prior to January 25, 2010. However, conversion to Chapter 7 shall occur on January 26, 2010, unless the proposed sale has closed and GBM and the other creditors named in the sale order have been paid in full prior to that date. A hearing to determine whether the sale closed and creditors were paid is hereby scheduled for 9:30 a.m. on January 26, 2010, United States Bankruptcy Court, Second Floor, Courtroom #1, 101 South Edgeworth Street, Greensboro, North Carolina.

IT IS SO ORDERED.

This 5th day of January, 2010.

*/s/ William L. Stocks*
WILLIAM L. STOCKS
United States Bankruptcy Judge

PARTIES IN INTEREST

R. Bradford Leggett, Esq.
P.O. Drawer 5129
Winston Salem, NC 27113-5129

William P. Janvier, Esq.
P.O. Box 911
Raleigh, NC 27607-0911

Daniel C. Bruton, Esq.
P.O. Box 21029
Winston Salem, NC 27120-1029

William Gifford, Esq.
301 N. Main Street, Suite 2200
Winston Salem, NC 27101

Christine L. Myatt, Esq.
P.O. Box 3463
Greensboro, NC 27402

Michael D. West, Bankruptcy Administrator